

**SIGNED this 31st day of January, 2013.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-11559-CAG |
| | § | |
| BDRC LOFTS, LTD., | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION AND ORDER DENYING
### CREDITORS' MOTIONS TO TRANSFER VENUE

Came on to be considered, Creditors' Motions to Transfer Venue (ECF No. 10 and 14).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a

core proceeding under 28 U.S.C. § 157(b), and venue is proper under 28 U.S.C. § 1408. The

Court held a hearing on this matter on January 18, 2013, and took it under advisement. This

Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law pursuant

to Federal Rules of Bankruptcy Procedure 7052 and 9014. For reasons discussed below, the

Court finds that Creditors' motions should be DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

BDRC Lofts Ltd. (hereafter "BDRC") filed a voluntary petition for bankruptcy under Chapter 11 (ECF No. 1) on July 6, 2012, in the United States Bankruptcy Court for the Western District of Texas, Austin Division. BDRC's purported reason for filing is to facilitate the sale of real property (hereafter "the property") free and clear of liens. The property represents the majority of BDRC's assets. It includes a condominium unit and parking areas, all of which are located on Houston Street in Fort Worth, Texas.

Before BDRC filed its petition for bankruptcy, a group of Creditors[1] (hereafter the "Lawsuit Creditors") filed a lawsuit against BDRC and related parties in the 342nd Judicial District Court, Tarrant County, Texas, alleging common law fraud and fraudulent conveyances. The Lawsuit Creditors secured a lis pendens on a portion of the property in connection with this lawsuit. BDRC filed a malpractice lawsuit against the Lawsuit Creditors' counsel in their Tarrant County lawsuit, Decker Jones McMarckren, McClane, Hall & Bates, P.C., Veronica Chavez Law, and Mark Dugan (hereafter the "Decker Jones Attorneys"). This malpractice lawsuit is also taking place in the 342nd Judicial District Court of Tarrant County, Texas. The Lawsuit Creditors claim that BDRC filed for bankruptcy in order to hinder and delay rulings in the Tarrant County lawsuits.

A second group of Creditors[2] (hereafter the "HP Loft Association Creditors") filed a Motion to Transfer Venue (ECF No. 7) on July 27, 2012. The HP Loft Association Creditors

---

[1] The Lawsuit Creditors include Victoria Powell, Bobby Powell, Michael Crow, Deborah Crow, Beatrice Pardon, Jack Norris, Lee Ann Ostermann, Ian McKee, Paul McKee, Teresa McKee, Porter Rainwater, Doris Rainwater, Lachlan Cullen, Thomas S. Farr, Nancy O'Shea, Mary Alegre, Arthur Kelly, Michele Kelly, Andrew C. de la Torre, Kelsey Marquez de la Torre, Anne Godfrey, Wojtek Mozdyniewicz, Jolanta Mozdyniewicz, Christine Donahue, Nat Baumer, Joane Baumer, Lenel Freemyer, Elizabeth Goforth, Steven Lippert, Lynne Lippert, George Arthur Read, and Stephanie Bobek.
[2] The HP Loft Association Creditors include HP Loft Owners Association, Victoria Powell, Steven Lippert, Lee Ann Ostermann, Lynn Lippert, Jack Norris, Andrew C. de la Torre, Anne Godfrey, Christine Donahue, Sandra

later filed a Second Motion to Transfer Venue (ECF No. 10) on August 1, 2012. The Lawsuit Creditors filed a Motion to Transfer Venue (ECF No. 14) on August 13, 2012. The Decker Jones Attorneys filed a Motion to Transfer Venue (ECF No. 24) on August 28, 2012. Each of these motions to transfer venue seeks transfer to the Northern District of Texas, Fort Worth Division.

After several continuances, the Court held a hearing on January 18, 2013, to consider these various motions to transfer venue. The Decker Jones Attorneys stated that their Motion to Transfer Venue is moot on the record at hearing. The Lawsuit Creditors and the HP Loft Association Creditors (hereafter the "Creditors" when referred to together) proceeded to argue their motions, and the Court took them under advisement.

## LEGAL STANDARD AND ANALYSIS

All parties agree that venue is proper in the Western District of Texas, per 28 U.S.C. § 1408. The Creditors seek transfer to the Northern District of Texas under 28 U.S.C. § 1412 for the convenience of the parties and/or in the interest of justice.

28 U.S.C. § 1412 gives courts broad discretion to transfer a bankruptcy proceeding to another venue in the interest of justice and/or convenience. *E.g. **In re Moss**,* 249 B.R. 411, 424 (Bnkr. N.D. Tex. 2000). Justice and convenience are two separate paths to transfer under § 1412; either can justify transfer on its own. *E.g. **In re Toxic Control Tech., Inc.**,* 84 B.R. 140, 143 (Bnkr. N.D. Ala. 1986), ***LSREF2 Baron, LLC v. Aguilar***, No. 3:12-cv-1242-M, 2013 WL 230381 at *4 (N.D. Tex. Jan 18, 2013). The moving party bears the burden of proving that the case should be transferred by a preponderance of the evidence. ***Moss**,* 249 B.R. at 425. In this case, neither justice nor convenience persuades the Court to transfer BDRC's bankruptcy to the Northern District of Texas.

---

McGlothin, Nancy O'Shea, and Joane Baumer. A number of individuals belong to both the Lawsuit Creditors group and the HP Loft Association Creditors group.

**Justice**

While § 1412 allows Courts to transfer a bankruptcy proceeding in the interest of justice, the Court is not convinced that justice would be served by a transfer to the Northern District of Texas. The standard for transfer in the interest of justice is flexible, and relevant factors include the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness. *Zhang v. Rothrock*, No. Civ.A. H-05-3462**,** 2006 WL 213951 at *1 (S.D. Tex. Jan 25, 2006) (*citing* ***Manville Forest Prod. Corp.***, 896 F.2d 1384, 1391 (2d. Cir. 1990)). In light of these factors, the Court is not convinced that transfer to the Northern District would promote justice.

**Efficient Administration of the Estate**

The interest of efficiency encourages the Court to retain venue. As the Fifth Circuit has noted, "the heart of a Chapter 11 proceeding is working up a financial plan of arrangement acceptable to all relevant parties," making the location of the people "charged with this responsibility" especially relevant. ***Commonwealth Oil Ref. Co.***, 596 F.2d 1239, 1247 (5th Cir. 1973). BDRC's vice president, Jeffrey Blatt, resides in Austin. Its president, Bryan Dorsey, testified that he spends a significant amount of time in Austin. Dorsey and Blatt will presumably be the ones to formulate and execute the Chapter 11 plan. BDRC's office, books, and records are also in Austin. Although the property is located in Fort Worth, the prospective buyer is in Austin. Additionally, the Western District of Texas has already begun to oversee this case. It would, therefore, be most efficient for the case to proceed in the United States Bankruptcy Court for the Western District of Texas, Austin Division.

**Judicial Economy**

This factor weighs slightly against transfer. Although there has been relatively little progress in BDRC's bankruptcy thus far, the Court is familiar with this case, having overseen it

since BDRC filed over six months ago.  While a change of venue at this point would not be overly burdensome to the courts, retention of the case would better promote judicial economy.

**Timeliness**

Timeliness favors neither transfer nor retention.  BDRC filed for bankruptcy on July 6, 2012.  The Creditors filed their motions shortly thereafter - on July 27, 2012, August 1, 2012, and August 13, 2012.  BDRC's bankruptcy has been pending in the Western District of Texas for over six months, partially due to the Creditors' requests for continuances.  However, few developments have taken place in the case thus far.  Timeliness, therefore, does not weigh heavily in the Court's determination.

**Fairness**

Fairness does not compel the Court to transfer this case.  Although the Creditors claim that BDRC acted unfairly, they have not shown how transfer to the Northern District of Texas would promote fairness.  The Creditors claim that BDRC filed its bankruptcy petition in bad faith, engaged in forum shopping, and was unscrupulous in its dealings with the Creditors and its conduct in the Tarrant County lawsuits.  The Western District of Texas is capable of handling BDRC's bankruptcy in a fair and just manner regardless of BDRC's alleged bad faith.  It is not clear to the Court why BDRC would be guilty of forum shopping for filing in the Western District of Texas rather than the Northern District of Texas.  BDRC has substantial ties to both districts, and all parties agree that venue is proper in the Western District.  The Tarrant County lawsuits involve serious allegations, but the Court is fully confident in the Tarrant County district court's ability to make fair and just determinations.  The Court is also fully prepared to give the Tarrant County district court's decisions the comity they deserve.  While the existence of BDRC's bankruptcy case may complicate and delay the Tarrant County lawsuits, transferring the

bankruptcy case to the Northern District of Texas will not change this. If anything, transfer will further delay these proceedings. The Creditors allege that BDRC acted unfairly, but they have not shown how transfer would remedy this.

The Creditors have not shown that justice will be served by transferring this case by a preponderance of the evidence. The Court, therefore, declines to exercise its discretion under § 1412 to transfer the case in the interest of justice.

## Convenience

Convenience does not compel the Court to transfer venue. Precedent instructs bankruptcy courts to weigh the following factors when considering transfer for the sake of convenience under § 1412: (1) the proximity of creditors, (2) the proximity of the Debtor, (3) the proximity of witnesses necessary to the administration of the estate, (4) the location of the assets, (5) whether transfer will promote the economic administration of the estate, and (6) the necessity for ancillary administration if bankruptcy should result. *Moss,* 249 B.R. 411 at 425 (citing *CORCO,* 596 F.2d at 1247)[3]. The fifth factor weighs most heavily in this analysis. *Id.* The case should remain where it was originally filed if the factors favor transfer only slightly or if transfer will merely shift inconvenience from one party to another. *E.g.* *In re Legend Indus., Inc.,* 49 B.R. 935, 937 (Bnkr. E.D.N.Y. 1985). It is not clear that either venue would be significantly more convenient than the other. The Court, therefore, declines to transfer venue for the convenience of the parties.

---

[3] When the Fifth Circuit decided *CORCO,* it considered the then operative rule on transfer of venue for bankruptcy cases, Fed.R.Bank.P. 116(b)(1). *CORCO,* 596 F.2d 1239 (5th Cir. 1973). This rule directed courts to consider convenience *and* justice, while 28 U.S.C. 1412 allows for transfer for the convenience of the parties *or* in the interest of justice. Courts currently look to *CORCO* when considering transfer for the sake of convenience under 28 U.S.C. 1412. *E.g. Moss,* 249 B.R. at 425. The Northern District of Texas cited to *CORCO* for this issue as recently as January 18, 2013. *LSREF2 BARON, LLC v. Aguilar,* No. 3:12–cv–1242–M , 2013 WL 230381 at *5 (N.D. Tex., Jan 18 2013))

**Proximity of Creditors**

This factor weighs slightly in favor of transfer. Approximately twenty-three of the twenty-nine creditors currently listed on the claims register are located in the Northern District, while approximately three are located in the Western District. Approximately twenty-one of the creditors located in the Northern District are represented by the same attorney. It is, therefore, possible for most of the creditors to be represented at bankruptcy proceedings if one attorney were to travel from Fort Worth to Austin. The driving distance between the United States Bankruptcy Court for the Northern District of Texas in Fort Worth and the United States Bankruptcy Court for the Western District of Texas in Austin is just under two-hundred miles. It takes approximately three hours to make the trip by car. While this is not as substantial as the distance in *Moss*, *CORCO, or Abacus Broadcasting*,[4] the Court recognizes that it is inconvenient for creditors who wish to attend proceedings. Thus, the proximity of creditors weighs slightly in favor of transfer.

**Proximity of the Debtor**

This factor weighs slightly against transfer. The majority of BDRC's equity holders reside outside of Texas. Its assets are located in Fort Worth, but its general partner and office are located in Austin. Blatt and Dorsey appear to be BDRC's primary decision-makers. Blatt resides in Austin. Although Dorsey's primary address is within the Northern District, he prefers to proceed in Austin and testified that he spends a significant amount of time in Austin. Again, the distance between Austin and Fort Worth creates an inconvenience that is real, but not overwhelming. The location of the Debtor weighs slightly against transfer.

---

[4] In *Moss*, the movant sought transfer from the Northern District of Texas to the Central District of California. *Moss*, 29 B.R. 411 (Bnkr. N.D. Tex., 2000). In *CORCO*, the movant sought transfer from the Western District of Texas to the District of Puerto Rice. *CORCO*, 596 F.2d 1239 (5th Cir. 1973). In *Abacus*, the movant sought transfer from the Western District of Texas to the District of Utah, which could have required a trustee to administer assets from 1000 miles away. *In re Abacus Broad.*, 154 B.R. 682, 684 (Bnkr. W.D. Tex. 1993).

**Proximity of Witnesses**

It is unclear at this time whether witnesses will be necessary to the administration of the estate, or where potential witnesses may reside.  Without more information, the Court will not speculate as to the proximity of potential witnesses.

**Location of the Assets**

This factor is neutral.  Although the Fifth Circuit labeled this factor as "[t]he location of the assets," it also considered the location of books and records in its analysis.  *CORCO*, 596 F.2d at 1247-48.  BDRC's primary asset is its real property in Fort Worth.  However, its books, records, and office are in Austin.  This factor favors neither transfer nor retention.

**Economic Administration of the Estate**

As noted above in the analysis of transfer in the interest of justice, this important factor encourages the Court to retain venue.

**Necessity for Ancillary Administration**

This factor is neutral.  The Court is equally confident in its own ability to handle ancillary proceedings and that of the Northern District of Texas.

The Creditors have not shown by a preponderance of the evidence that transfer would maximize convenience rather than simply shifting inconvenience from one party to another.  The Court, therefore, declines to transfer venue for the convenience of the parties.

### CONCLUSION

It is not clear to the Court that transfer would serve the interest of justice or make the bankruptcy proceedings more convenient to the parties.

IT IS, THEREFORE, ORDERED that the Lawsuit Creditors' Motion to Transfer Venue (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the HP Loft Association Creditors' Motion to Transfer Venue (ECF No. 10) is DENIED.

# # #